LAW OFFICES OF
# Gerald B. Lefcourt, P.C.
A PROFESSIONAL CORPORATION
148 EAST 78TH STREET
NEW YORK, NEW YORK 10075

GERALD B. LEFCOURT
lefcourt@lefcourtlaw.com

TELEPHONE
(212) 737-0400
FACSIMILE
(212) 988-6192

SHERYL E. REICH
reich@lefcourtlaw.com
RENATO C. STABILE
stabile@lefcourtlaw.com
FAITH A. FRIEDMAN
ffriedman@lefcourtlaw.com

October 12, 2011

**VIA ECF FILING & BY FAX**

The Honorable James Orenstein
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   *In re Application of Debbie Gushlak for an Order Pursuant to 28 U.S.C. §1782*
          *MC-11-218 (NGG) (JO)*

Dear Magistrate Judge Orenstein:

  We write as counsel to Applicant Debbie Gushlak to apprise the Court with respect to a matter pending before it.

  At a conference held in this matter on September 26, 2011, we asked to move to hold Myron Gushlak and Yelena Furman in contempt because of their failure to comply with Judge Garaufis's orders that they respond to a subpoena served upon each of them to produce documents and to appear at deposition. As the Court will recall, and as reflected in the Minute Entry to the docket sheet, the witnesses requested until October 11, 2011, to produce documents, with depositions to be scheduled thereafter:

> After hearing the arguments of counsel I concluded that there is no jurisdictional bar to considering petitioner Debbie Gushlak's motion for contempt based on the pendency of a notice of appeal of Judge Garaufis' orders pursuant to 28 U.S.C. Sec. 1782. However, the motion itself is arguably premature: the subpoena recipients acknowledge that they have no legal basis for failing to respond other than reliance on their counsel's advice about the effect of the notice of appeal. Accordingly, having resolved that legal issue in the petitioner's favor, I will allow Mr. Gushlak and Ms. Furman until October 11, 2011, to comply with the subpoena's document demands (the parties will confer as to a new deposition

LAW OFFICES OF
GERALD B. LEFCOURT, P.C.

> The Honorable James Orenstein
> United States District Court
> Eastern District of New York
> October 12, 2011
> Page 2

> date). If either Ms. Gushlak or Ms. Furman fails to comply by that date, I will recommend that the court adjudge him or her in contempt.

Minute Entry, 9/26/11.

Neither witness has responded in any manner to the schedule of documents to be produced pursuant to the subpoena. Instead, in a joint motion to the District Court filed October 4, 2011, they continue to maintain that the District Court lacks authority to enforce its own orders because, by each having filed a notice of appeal, the district court lost jurisdiction over the matter. For the Court's information, Mr. Gushlak has failed to perfect his appeal by missing the filing deadline for submission of his brief, which was October 5, 2011.

The October 4th motion by Mr. Gushlak and Miss Furman objects to the anticipated Report and Recommendation of this Court to Judge Garaufis that the two be held in contempt. While we would have expected the witnesses to await the actual text of the Report and Recommendation before filing objections thereto, we are obliged to respond by October 18, 2011. It is our intention to address in our response what we believe is the proper sanction to be imposed on them.

It is our intention to ask the Court to impose a non-monetary sanction on Mr. Gushlak because, even if he were willing to expose his assets to scrutiny by using them to pay any sanction imposed, such use would potentially diminish Mrs. Gushlak's share in the marital estate. Moreover, using funds that someone else has a claim to limits the coercive effect of having to part with it. Therefore, incarceration which interrupts his sentence is the only potentially coercive sanction that will not harm Mrs. Gushlak.[1] As for Miss Furman, while we would be

---

[1] As we previously indicated to the Court, the Second Circuit has recognized the authority of a district court to interrupt the running of a criminal sentence and have further incarceration deemed pursuant to a contempt sanction until such time as the contempt is purged. *United States v. Dien*, 598 F.2d 743, 744 - 45 (2d Cir. 1979) ( "Dien's principal argument on appeal is that when the district court confined him for civil contempt it lacked the power to stay the running of his prior federal sentence for the period of his confinement for civil contempt. *Section 1826(a)* expressly authorizes the district court to confine a recalcitrant witness. Although the statute says nothing as to the effect of this confinement upon the service of a prior criminal sentence, a concurrent service of both terms would obviously frustrate the purpose of the statute and provide no motivation for the cooperation of the witness. Although no case in this circuit has held that a district court has the power to stay the prior federal criminal sentence, there is ample authority, including decisions by seven other circuit courts, supporting a finding of such power in the district court"). Following *Dien*, district courts have done so. *See, e.g., Bolino v. United States*, 556 F. Supp. 765 (E.D.N.Y. 1983).

LAW OFFICES OF
GERALD B. LEFCOURT, P.C.

> The Honorable James Orenstein
> United States District Court
> Eastern District of New York
> October 12, 2011
> Page 3

reluctant to ask that someone who ought not to have a dog in this fight be incarcerated, a monetary sanction should be imposed only after the Court is satisfied that the funds that would be used to pay it would be Miss Furman's own and not Mr. Gushlak's (directly or indirectly). That is so both because using someone else's funds to pay a sanction would not have any coercive effect and additionally, using Mr. Gushlak's funds, or being reimbursed by him, would again work a hardship on Mrs. Gushlak were the sanction paid with what is potentially Mrs. Gushlak's own funds.

Respectfully submitted,

Sheryl E. Reich