ALAN S. FUTERFAS

ATTORNEY AT LAW

565 FIFTH AVENUE, 7TH FLOOR

NEW YORK, NEW YORK 10017

(212) 684-8400

ELLEN B. RESNICK

BETTINA SCHEIN
OF COUNSEL

FACSIMILE: (212) 684-5259

asfuterfas@futerfaslaw.com

October 17, 2011

*Via ECF*
Hon. Mag. James Orenstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  *United States v. Myron Gushlak, 11 MC 218 (NGG)*

Dear Magistrate Orenstein:

This letter is written in response to the Court's direction that we respond to the Order to Show Cause entered on October 12, 2011.

On September 26, 2011, this Court made certain findings and recommendations with reference to the above-captioned matter. Eight days later, on October 4, 2011, this office filed a 27-page Memorandum of Law ("MOL") in support of a motion with supporting declarations with Judge Garaufis which appealed this Court's finding that jurisdiction was not fully divested upon the filing of the Notice of Appeal and, in the alternative, moved for a stay of judgment on the grounds of clear misconduct of an opposing party pursuant to Fed R. Civ. P. 60(b)(2) and (3). We also moved for a stay on traditional merit factors, although Ms. Gushlak's misconduct is essential to that analysis as well. This brief was filed via ECF and was also hand-delivered to this Court and to Judge Garaufis. The arguments in those papers, which are before Judge Garaufis, make clear why no recommendation should issue until Judge Garaufis rules on those applications.

First, as we set forth in the MOL, because an appeal taken from the grant of a §1782 application concerns the whole of the dispute before the district court, the appeal divests the district court of the power to act, because future action rests entirely on the propriety of its appealed decision. In such a situation, a stay has been deemed

ALAN S. FUTERFAS

Magistrate Judge Orenstein
October 17, 2011
Page 2

"unnecessary" or "superfluous" as the district court simply can take no further action after an appeal has been filed. The MOL challenges and requests review by Judge Garaufis of the conclusion "that there is no jurisdictional bar to considering petitioner Debbie Gushlak's motion for contempt[.]" Accordingly, the precondition for a potential contempt finding – whether the district court has the power to act - is currently under review by the district court. Therefore, we respectfully object to the issuance of any recommendation that Myron Gushlak and Yelena Furman be held in contempt until the district court decides that question.

Secondly, we moved for the relief afforded by Fed R. Civ. P. 60(b)(2) and (3) and (d) based on newly discovered evidence of misconduct and misrepresentations by Debbie Gushlak, the opposing party. Misrepresentation or other misconduct by an adverse party is express grounds for relief under Fed R. Civ. P. 60(b), which states "on motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceedings for . . . misrepresentation, or misconduct by an opposing party." Recently obtained evidence shows that Debbie Gushlak stole private corporate information regarding Yelena Furman to place it before the district court to support her Application. The record that we have set forth in the MOL is wholly uncontroverted. Debbie Gushlak's counsel has filed papers in this court and in the Second Circuit relating to these matters since she was served with the MOL and has not disputed or contested the misconduct by her client, Debbie Gushlak.

Ms. Gushlak's theft has been documented by declarations, affidavits and an internal, corporate investigation that resulted in the firing of a telephone company employee whom Debbie Gushlak had unlawfully corrupted to obtain information that was put before the district court. The relief requested by the motion papers is currently pending before the district court. All activity in this Court, including any contemplated contempt proceedings, should await the district court's action on the pending Rule 60 (b) and (d) application. Clearly, no contempt recommendation should be considered where there is overwhelming evidence of misconduct by the party seeking the relief and where our motion in this regard calls into serious question the viability of the Petition.

Thirdly, we have moved in the district court for a stay pending appeal based on traditional stay factors. This Court should make no recommendation regarding contempt, at the very least, pending proceedings and a decision by the district court on the stay application.

Finally, we have appealed both the Yelena Furman and Myron Gushlak orders granting Debbie Gushlak's petition to the Second Circuit. As we set forth fully in POINT ONE of the MOL filed on October 4, 2011, the courts have clearly recognized an

ALAN S. FUTERFAS

Magistrate Judge Orenstein
October 17, 2011
Page 3

important distinction between § 1782 subpoenas and "traditional" subpoenas. Appeals are permitted "from a district court's orders under § 1782, even if the complaining party has not subjected himself or herself to contempt sanctions" because "[o]nce the district court has ruled on the parties' motions concerning the evidentiary requests, there is no further case or controversy before the district court." *In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d 557 (9th Cir. 2011). This contrasts from the usual circumstance where a "discovery order [is] entered as an auxiliary part of a plenary suit claiming entitlement to relief on the merits." In that case, the order is not "immediately appealable unless the protesting party refuses to perform and is held in contempt." "The situation is different for an order granting or denying discovery that constitutes the final resolution of a petition to take discovery in aid of a foreign proceeding under 28 U.S.C. § 1782" which is "immediately appealable[.]" *Chevron Corp. v. Berlinger*, 629 F.3d 297, 306 (2d Cir. 2011).

Thus, it is clear that Myron Gushlak and Yelena Furman are specifically authorized to challenge the subpoenas issued to them to the Court of Appeals immediately and directly without having to first subject themselves to potential contempt. To nonetheless consider recommending that they be held in contempt while their appeals are pending (Mr. Gushlak's appellate brief on the merits is due in just 7 days - October 24, 2011), impermissibly renders this important distinction meaningless, as it undermines their right to appellate review without the risk of being held in contempt.

For all of these reasons, no contempt recommendation should be made.

Respectfully yours,

Alan S. Futerfas

cc:     All Counsel via ECF