**ALAN S. FUTERFAS**
ATTORNEY AT LAW
565 FIFTH AVENUE, 7TH FLOOR
NEW YORK, NEW YORK 10017
(212) 684-8400

ELLEN B. RESNICK

BETTINA SCHEIN
OF COUNSEL

FACSIMILE: (212) 684-5259
asfuterfas@futerfaslaw.com

October 26, 2011

*By ECF*
Honorable James Orenstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    In re: Application of Debbie Gushlak for an Order Pursuant to 28 U.S.C. § 1782, 11-mc-218 (NGG) (JO)

Dear Magistrate Judge Orenstein:

      In response to the Order entered yesterday, October 25, 2011, we write as directed pursuant to Local Civil Rule 37.3 to move for relief in addition to that sought in the October 4, 2011 motion.[1]

      First, we move to strike Applicant's Memorandum of Law in Opposition to the Motion for its pervasive reference to "facts" not supported by statements sworn under oath. The Applicant submits a memorandum of law in opposition that is replete with hearsay allegations yet devoid of any claim of first-hand knowledge. And no one submits a sworn statement as to the LIME theft or Ms. Gushlak's claimed impoverishment. Each

---

[1] The statement of relief requested in the October 24, 2011 reply memorandum (the "Reply"), that the original Petition be reconsidered and stricken because of the unclean hands and illegal conduct of Applicant and because illegally obtained information was presented to the Court, merely restates the relief sought in the initial motion dated October 4, 2011and is not a "new issue" nor does it request "new relief". *See, e.g.,* Memorandum of Law, dated October 4, 2011, at pp. 12-13 ("We respectfully request a stay and an immediate evidentiary hearing on these matters and, after full factual development, an opportunity to brief appropriate sanctions including dismissal of Debbie Gushlak's § 1782 application. Unclean hands and bad faith are of the utmost importance to the governing analysis under *Intel*, in addition to other relevant authorities cited herein."); at p. 14 ("Upon conclusion of the evidentiary hearing, we will request certain remedies, including but not limited to, dismissal of Ms. Gushlak's § 1782 application."); and at p. 19 ("Potential sanctions include, but are not limited to, dismissal of the § 1782 Application."). The sworn facts presented in the Reply both support these initially made claims and address directly Petitioner's unsworn claim of impecuniousness in her reply memorandum in response our request for a stay.

ALAN S. FUTERFAS

Hon. Mag. James Orenstein
October 26, 2011
Page 2

asserted factual statement lacks evidentiary support attesting to the subject matters set forth therein.

The unsupported factual statements made in the Applicant's memorandum of law in opposition must, therefore, be disregarded. *See Mahmud v. Kaufmann*, 2010 WL 2079556 at *3 (S.D.N.Y. 2010) ("It is well-settled that '[a]n attorney's unsworn statements in a brief are not evidence.'") (unpublished) (citation omitted); *see also Sinistovic v. Holder*, 429 Fed.Appx. 38, 2011 WL 2672564 at *40 (2d Cir. 2011) (unpublished) (holding that statements made in brief were unsworn statements and therefore not evidence); *Barnes v. Banks*, 2011 WL 4943972 at *3 n. 3 (S.D.N.Y. 2011) (holding that a statement made by counsel in a reply memorandum was not to be regarded as evidence as the court "had no way to evaluate its validity"). But the statements that are unsworn, and false, so permeate the Memorandum that it is a burden for the reader – the Court and the Movants – to wade through the Memorandum to separate the legal argument from the impermissible unsworn statements of alleged fact. Accordingly, the Memorandum of Law in Opposition should be stricken with leave to re-submit once cleansed of all improper references to unsworn facts. *See e.g.*, *Parks v. Lebhar-Friedman*, 2008 WL 3833802 at *3 (S.D.N.Y. 2008) (unpublished) (striking plaintiff's statement that was not based on personal knowledge); *Internet Law Library v. Southridge Capital Management*, 2005 WL 3370542 at *3 (S.D.N.Y. 2005) (unpublished), *judgment affirmed*, *ITIS Holdings Inc. v. Southridge Capital Management*, 329 Fed.Appx. 299 (2d Cir. 2009) (striking attorney's affidavit which, *inter alia*, swore to matters of which attorney had no direct personal knowledge).

Second, we move for an Order directing Applicant Debbie Gushlak and counsel Sheryl Reich to collect and transmit to the Court (for restoration to the lawful owners) private records relating to Mr. Gushlak or Ms. Furman, and all material derived from or referencing such records, that were obtained after March 2011 from Sasha Hayles, the LIME employee suborned by Applicant Debbie Gushlak.

Thank you for your consideration of this matter.

Respectfully yours,

Alan S. Futerfas

cc: All Counsel