LAW OFFICES OF
# GERALD B. LEFCOURT, P.C.
A PROFESSIONAL CORPORATION
148 EAST 78TH STREET
NEW YORK, NEW YORK 10075

GERALD B. LEFCOURT
lefcourt@lefcourtlaw.com

SHERYL E. REICH
reich@lefcourtlaw.com
RENATO C. STABILE
stabile@lefcourtlaw.com
FAITH A. FRIEDMAN
ffriedman@lefcourtlaw.com

TELEPHONE
(212) 737-0400
FACSIMILE
(212) 988-6192

May 17, 2012

<u>VIA ECF FILING& BY FAX</u>

The Honorable Nicholas G. Garaufis
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

>  *In re Application of Debbie Gushlak for an Order Pursuant to 28 U.S.C. §1782*
>  *MC-11-218(NGG)(JO)*

Dear Judge Garaufis:

  We write as counsel to Debbie Gushlak to address the response of Alan Futerfas to this Court's April 30, 2012, Order that Mr. Futerfas "show cause why he should not be sanctioned for making [a] frivolous objection". Order at 9-10.

  We do not think it appropriate to address the merits of Mr. Futerfas's submission. We do, however, which to apprise the Court of the consequences of the course of conduct engaged in on behalf of Myron Gushlak.

  Mrs. Gushlak has expended a tremendous amount of money on attorneys' fees in order to take advantage of a procedure enacted by Congress intended to provide "**efficient** assistance to participants in international litigation and encourage foreign countries by example to provide similar assistance to our courts". *Intel Corp. v. Advanced Micro Devices*, 542 U.S. 241, 252 (2004); *Anselm Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 2012 U.S. App. LEXIS 4719 at *10 (2d Cir. March 6, 2012) (emphasis added). We believe that the barriers erected by Mr. Gushlak to this supposedly expeditious procedure should be reckoned with.

  Since the date Myron Gushlak filed a frivolous notice of appeal intended to test whether he has a constitutional right to a plenary hearing in advance of suffering the indignity of being

LAW OFFICES OF
# GERALD B. LEFCOURT, P.C.

> The Honorable Nicholas G. Garaufis
> United States District Judge
> United States District Court
> Eastern District of New York
> May 17, 2012
> Page 2

served with a subpoena,[1] Mrs. Gushlak has expended in excess of $175,000 in legal fees battling a barrage of filings this Court has determined were without merit and were intended to delay and frustrate Mrs. Gushlak's application. As Magistrate Judge Orenstein stated in his Report and Recommendation adopted by this Court, Mr. Gushlak and Miss Furman

> have improperly failed to comply with the terms of a facially valid subpoena. They remained recalcitrant even after given a final opportunity to avoid contempt sanctions, and they **have engaged in dilatory tactics and presented frivolous arguments to delay even longer their compliance with this court's lawful orders**.

Report and Recommendation dated January 30, 2012, at 21 (emphasis added).

What we particularly wanted to bring to this Court attention is that we cannot understand how it is that Mr. Gushlak has been able to afford to pay counsel to gin up all those papers. He has claimed to this Court that he is impecunious. There is an injunction by the Cayman Court that forbids Mr. Gushlak from transferring his assets, and the Liechtenstein Trustee claims to be abiding by that injunction. So, at the same time that Mrs. Gushlak has had her resources worn down in combating Mr. Gushlak's stall tactics, he was paying **six attorneys**[2] to be familiar with the facts and applicable law in order to fight with the undersigned. If our bill is was what it is, what is theirs?

For these reasons, we ask the Court (a) to require Myron Gushlak to reimburse Mrs.

---

[1] The appeal has now been scheduled for oral argument, so even more of Mrs. Gushlak's resources, as well as those of the Second Circuit, will all be put in service of Mr. Gushlak's "dilatory tactics and . . .frivolous arguments".

[2] The papers submitted by Mr. Futerfas include declarations of four attorneys who, in addition to Mr. Futerfas, claim to have had extensive involvement in the preparation of pleadings and informed decision making in this matter. *See* Declarations of Brian Rosner at ¶11 (attesting to his involvement in every filing and decision made); Ellen B. Resnick at ¶6 (asserting familiarity with every filing made) and ¶8 (attesting to involvement in every major decision); Matthew C. McCann ¶7 (asserting that he "worked extensively" on the matter); and Bettina Schein ¶6 (asserting her active involvement). A sixth attorney, Natalie Napierala, filed a notice of appearance in both the district court and the Second Circuit and we know has been actively involved in the matter, in particular in prosecuting Mr. Gushlak's appeal to the Second Circuit. She did not execute a declaration attesting to Mr. Futerfas's good faith.

LAW OFFICES OF
GERALD B. LEFCOURT, P.C.

> The Honorable Nicholas G. Garaufis
> United States District Judge
> United States District Court
> Eastern District of New York
> May 17, 2012
> Page 3

Gushlak for the legal fees expended on his frivolous efforts to resist discovery, and (b) to determine the source of the funds used to pay his own counsel fees here.

Respectfully submitted,

Sheryl E. Reich