LAW OFFICES OF
# GERALD B. LEFCOURT, P.C.
A PROFESSIONAL CORPORATION

148 EAST 78TH STREET
NEW YORK, NEW YORK 10075

GERALD B. LEFCOURT
lefcourt@lefcourtlaw.com

SHERYL E. REICH
reich@lefcourtlaw.com
RENATO C. STABILE
stabile@lefcourtlaw.com
FAITH A. FRIEDMAN
ffriedman@lefcourtlaw.com

TELEPHONE
(212) 737-0400
FACSIMILE
(212) 988-6192

June 18, 2012

**VIA ECF FILING& BY FAX**

The Honorable Nicholas G. Garaufis
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

*In re Application of Debbie Gushlak for an Order Pursuant to 28 U.S.C. §1782*
*MC-11-218(NGG)(JO)*

Dear Judge Garaufis:

      We write as counsel to Debbie Gushlak to oppose the request made by Myron Gushlak in a letter dated June 15, 2012, asking to be permitted to file a sur-reply in opposition to Mrs. Gushlak's request that the sanctions against Mr. Gushlak be increased. The request to file a sur-reply is in reality a request to suspend decision of Mrs. Gushlak's request without date. It should be denied and the sanctions against Mr. Gushlak for his continuing willful failure to produce documents in response to the Court-ordered subpoena should be increased.

      Mr. Gushlak opposed increased sanctions even though he has never contended that he has produced all responsive documents in his possession, custody and control. Now he wants to suspend sanctions in an effort to track down some of the documents referenced in Mrs. Gushlak's letter, documents that clearly exist but which Mr. Gushlak has not produced. It should be obvious from his response that he has made no effort to comply with the subpoena.

      For example, how can it possibly be, **twelve months** after the subpoena was ordered served, that Mr. Gushlak's counsel are now committed to contacting Mr. Gushlak's Cayman counsel to see what documents there may be? How can it be that Mr. Gushlak's counsel have only recently "contacted" European counsel seeking documents and have yet to hear back? It can only be because Mr. Gushlak is not making a good faith effort to comply.

LAW OFFICES OF
GERALD B. LEFCOURT, P.C.

> The Honorable Nicholas G. Garaufis
> United States District Judge
> United States District Court
> Eastern District of New York
> June 18, 2012
> Page 2

Since the parties separated in May 2009, Mr. Gushlak has transferred assets to one or more trusts but has produced only those documents he knows Mrs. Gushlak already has; he has sold millions of dollars in shares of stock but he has never produced any documents showing how he acquired the shares and where the proceeds of the sales are. Since his incarceration, he has bought a $50,000 car for Ryan Gushlak. Since his incarceration he is paying six lawyers in the United States to fight this disclosure action alone, plus counsel in Cayman and counsel in Germany, yet no documents showing the source of the funds to pay counsel have been produced. Somehow, Mr. Gushlak is supporting Ryan, including paying school tuition and fees, yet documents showing the source of these transfers has never been disclosed. In order for Yelena Furman to pay Mr. Gushlak's ongoing expenses, including his phones and car insurance, someone sends money to her Cayman Islands' account – yet documents showing the source of those funds has not been disclosed. The list goes on and on.

Mr. Gushlak clearly has no intention of producing all documents in his possession, custody and control until this Court imposes sanctions that have some meaning to Myron Gushlak.

Thank you for your continued attention to this matter.

> Respectfully submitted,
>
> *Sheryl E. Reich*
> Sheryl E. Reich