LAW OFFICES OF
# Gerald B. Lefcourt, P.C.
A PROFESSIONAL CORPORATION

148 EAST 78TH STREET
NEW YORK, NEW YORK 10075

GERALD B. LEFCOURT
lefcourt@lefcourtlaw.com

TELEPHONE
(212) 737-0400
FACSIMILE
(212) 988-6192

SHERYL E. REICH
reich@lefcourtlaw.com
RENATO C. STABILE
stabile@lefcourtlaw.com
FAITH A. FRIEDMAN
ffriedman@lefcourtlaw.com

July 30, 2012

## VIA ECF FILING & FAX

The Honorable Nicholas G. Garaufis
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

*In re Application of Debbie Gushlak for an Order Pursuant to 28 U.S.C. §1782*
*MC-11-218(NGG)(JO)*

Dear Judge Garaufis:

    We write as counsel to Debbie Gushlak in response to an undated letter from Elizabeth Berney, Esq., filed July 27, 2012, in the above matter [Dkt. #122]. Ms. Berney has filed a notice of appearance on behalf of contemnor Myron Gushlak [Dkt. #121] and indicates in her letter an intention to replace all current counsel of record for Mr. Gushlak [*id.*]. Earlier today, a motion to change attorneys on consent was filed [Dkt. #123]. Because of certain concerns we have about the intensions of the various actors in this matter, we write to apprise the Court that we intend to object to the motion for all of the many other attorneys to withdraw. We are so apprising the Court because we wanted to make sure we had an opportunity to be heard and the application not be granted as a routine matter.

    Specifically, we are very concerned that this abrupt change of counsel is intended to manufacture reasons why current counsel to Mr. Gushlak should not be required to turn over

LAW OFFICES OF
GERALD B. LEFCOURT, P.C.

>The Honorable Nicholas G. Garaufis
>United States District Judge
>United States District Court
>Eastern District of New York
>July 30, 2012
>Page 2

records of payments made to counsel by or on behalf of Mr. Gushlak, or at least create some distance between counsel and the Court in order to impede compliance.[1]

Ms. Berney raises several other matters, all of which are transparent efforts to set up even more barriers to production, now that the old ones have been overcome – a demand that Mrs. Gushlak agree to limit her use of the documents in order to hinder her efforts to get at the secreted assets; an intention to seek an order that Mrs. Gushlak provide discovery; and a plan to appeal a Report and Recommendation on an issue that was never ruled on[2]. We assume mention was just a teaser and none was actually put before the Court. As such, we shall await any motions made by Mr. Gushlak and address them there.

---

[1] At the argument had before Magistrate Judge Orenstein on July 19, 2012, on Mr. Gushlak's motion to be relieved of contempt, Magistrate Judge Orenstein spent considerable time offering guidance to Mr. Gushlak as to the documents he ought to be producing. Among those were records of payments to his counsel. Late last week, records were produced by Mr. Futerfas and by Mr. Rosner showing (i) amounts billed to Mr. Gushlak since 2007 and (ii) monies received during the same period. **As yet, no records have been produced showing the source of the funds; instead, Mr. Futerfas has stated that he will hold the documents hostage until Mrs. Gushlak agrees to enter into his proposed confidentiality agreement.**

Nevertheless, during the period October 2006 to February 2012, some $1.49 million was actually transferred to Mr. Futerfas, of which **in excess of half a million dollars was paid since the inception of the §1782 proceeding.** (Because of the extent of redaction of Mr. Rosner's bills it is not possible to determine the payments made to him.) Indeed, Mr. Gushlak only stopped sending funds to Mr. Futerfas, usually $100,000 at a time, when a report and recommendation was made by Magistrate Judge Orenstein that Mr. Gushlak be held in contempt. Presumably, even the prodigiously self-deluding Mr. Gushlak saw the handwriting on the wall at that point.

[2] Ms. Berney contends, erroneously, that Magistrate Judge Orenstein "gave Mr. Gushlak 14 days from July 19, 2012, to appeal to the District Court regarding the Honorable Magistrate's recommendation regarding extraterritorial discovery".

*No* recommendation was made with respect to the issue of whether an order granted under §1782 can require the production of documents not found in the United States. Instead, as Magistrate Judge Orenstein made clear on the record, while he did not believe the law favored Mr. Gushlak's position, until Mr. Gushlak indicated that he in fact had responsive documents outside the district which he was declining to produce, no actual controversy existed. For that reason, an appeal on this trumped up (or any other) basis should be seen for what it is, another stratagem to delay this proceeding further – and specifically, to delay consideration of Mrs. Gushlak's request for increased sanctions.

LAW OFFICES OF
GERALD B. LEFCOURT, P.C.

>The Honorable Nicholas G. Garaufis
>United States District Judge
>United States District Court
>Eastern District of New York
>July 30, 2012
>Page 3

    Thank you for your attention to this matter. We are sending a copy of this letter to Magistrate Judge Orenstein because Ms. Berney's letter was also addressed to him.

>Respectfully submitted,
>
>Sheryl E. Reich

cc: The Honorable James Orenstein, United States Magistrate Judge