LAW OFFICES OF
# GERALD B. LEFCOURT, P.C.
A PROFESSIONAL CORPORATION
148 EAST 78TH STREET
NEW YORK, NEW YORK 10075

GERALD B. LEFCOURT
lefcourt@lefcourtlaw.com

TELEPHONE
(212) 737-0400
FACSIMILE
(212) 988-6192

SHERYL E. REICH
reich@lefcourtlaw.com
RENATO C. STABILE
stabile@lefcourtlaw.com
FAITH A. FRIEDMAN
ffriedman@lefcourtlaw.com

August 2, 2012

VIA ECF FILING

The Honorable James Orenstein
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

*In re Application of Debbie Gushlak for an Order Pursuant to 28 U.S.C. §1782*
*MC-11-218 (NGG) (JO)*

Dear Magistrate Judge Orenstein:

I write in connection with yet another impediment that has arisen in the path to Mr. Gushlak's production of documents. This has to do with an afterthought- effort to impose confidentiality terms on the documents already produced and to be produced. We believe that the effort is intended by Mr. Gushlak both to interfere with Mrs. Gushlak's ability to use the documents to enforce her rights and at the same time to provide Mr. Gushlak with fodder for bringing never ending complaints in this Court of alleged violations of the terms of any confidentiality provision.

Many months ago, a request was made that Mrs. Gushlak enter into a confidentiality agreement. A draft agreement that bore no relevance to the facts of this matter was floated by Mr. Gushlak's counsel, it was rejected by Mrs. Gushlak, and that was the end of the matter. In the interim some documents were produced by Mr. Gushlak. However, six days ago, Mr. Futerfas raised the issue again and he again sent the draft agreement. A copy of the proposed agreement is annexed as Exhibit "A". This time, I was told that without signing the agreement, there would be no production of the records showing the source of the funds used to pay the nearly $1.5 million to counsel. *See* Exhibit "B", e-mail from Mr. Futerfas dated July 27, 2012.

In response, we made it clear we would not agree to any confidential treatment of any documents. In order to get our hands on the attorney source documents, however, we relented and said we were willing to enter a very limited agreement with respect to the attorney payment

LAW OFFICES OF
GERALD B. LEFCOURT, P.C.

> The Honorable James Orenstein
> United States Magistrate Judge
> Eastern District of New York
> August 2, 2012
> Page 2

source documents only.[1] Under that proposal, Mrs. Gushlak would be able to use the documents in any proceeding where she deemed them relevant, that she would not seek to file the documents under seal but that she would abide by the United States federal redaction requirements, to wit, redaction of social security and account numbers, unless relevant. *See* e-mails at Exhibit "C", beginning with a proposal I made on July 30, 2012, a counterproposal made by Ms. Berney on July 31, 2012, and my response thereto, also on July 31, 2012.

That was not acceptable to Mr. Gushlak. Instead, he sought to limit the proceedings in which the documents could be used (not even including the Liechtenstein litigation where Mrs. Gushlak is seeking an accounting of the monies expended by the Crossroads Trust); and requiring her to file documents under seal.

The significant concerns Mrs. Gushlak had and continues to have in entering into any agreement with respect to any documents are several:

*First,* because she has no idea where in the world assets will be found, nor has she any idea what sort of proceeding will be required in each such jurisdiction, nor does she know that it will be pursuant to a Cayman Court order rather than a Cayman Court relinquishment, she cannot limit the kinds of proceedings in which such documents would be relevant. For example, she does not know whether in Hong Kong, a jurisdiction in which we believe there is at least one trust, what sort of process – judicial, administrative, private – is required to secure her rights.

*Second,* Mr. Gushlak has proven himself to be a promiscuous litigant who has time after time made arguments with no legal or factual basis. We are convinced that the more requirements that are imposed with respect to confidentiality the more excuses Mr. Gushlak will have to bring motion after motion seeking sanctions for alleged violations of the provisions of any such agreement. That is untenable. It is not difficult to imagine a year of litigation over whether a particular "proceeding" fits within the rubric of any such agreement; or whether a document was truly "relevant"; or whether Mrs. Gushlak was really seeking to enforce her rights.

*Third,* we do not believe that Mr. Gushlak is actually concerned about the need for confidential treatment of documents for any reason other than his need to keep information away from creditors and law enforcement authorities. While Mrs. Gushlak is not acting for the benefit

---

[1] We are utterly at a loss as to why these documents are confidential. We would concede that the account number into which payments were transferred should not be public unless specifically relevant. But that is already taken care of. To satisfy our curiosity as to the basis for the hysteria, Miss Berney suggested that Mr. Futerfas's children could be kidnapped for ransom. It is awfully hard to deal with such imaginings.

LAW OFFICES OF
GERALD B. LEFCOURT, P.C.

> The Honorable James Orenstein
> United States Magistrate Judge
> Eastern District of New York
> August 2, 2012
> Page 3

of creditors or law enforcement authorities, the kinds of hoops she would be asked to jump through to make confidential filings in every jurisdiction will have the effect of simply making it harder for her to secure her rights. And again, any slip-up would be the basis for Mr. Gushlak running screaming into court.

*Finally*, we already know that Mr. Gushlak cannot be relied upon to designate as confidential only those documents that objectively one would consider to be confidential. As this Court recently determined in a Report and Recommendation dated July 27, 2012 [Dkt #120], Mr. Gushlak thinks *everything* is confidential. That is brought home by one of the provisions insisted upon by Mr. Gushlak in the draft Confidentiality Agreement at Exhibit "A" – that everything that has been produced to date (some documents dating to 2003) be given confidential treatment.

In an effort to get hold of the attorney payment source material sooner rather than later, in particular because it would surprise us not at all to find that Mr. Gushlak is working to transfer assets out of whatever accounts he has been using to make those payments, the undersigned personally offered for a limited time to accept the material and not to share it with anyone, including not only Mrs. Gushlak but even other attorneys in the office, pending submission of the dispute to the Court.[2] We cannot even agree on that.

Because we are at an impasse, and we cannot get production of the attorney payment source material, we ask that the matter be addressed either Monday or at the earliest possible date.

> Respectfully submitted,
>
> /s/
>
> Sheryl E. Reich

---

[2] It was actually suggested that if another attorney in my firm got his or hands on the information he or she would post it on the Internet.