**Exhibit C:
Emails beginning with a proposal made on 7/30/12,
a counterproposal made by Ms. Berney on 7/31/12, and
Reich response thereto, also on 7/31/12**

| | |
|---|---|
| **From:** | Sheryl E. Reich |
| **To:** | "Liz Berney"; |
| **cc:** | Alan Futerfas; Natalie Napierala; brosner; Bettina Schein; |
| **Subject:** | RE: In re Application of Gushlak |
| **Date:** | Tuesday, July 31, 2012 10:02:00 AM |

I have not yet discussed this with Mrs. Gushlak. From my perspective, provisions 1 and 2 are fine, so long as it is clear that one party's designation of a document as "confidential" is of absolutely no moment. This agreement concerns a finite set of documents being produced by law firms: the bills and the documents showing the source of payments for the bills. If additional documents of this type are produced we can discuss it, but that's it for now.

Provision 3 does not work. We will not limit the kinds of proceedings in which the documents can be used. If the documents are relevant to a proceeding, they can be used. It is not possible for us to anticipate the exact kinds of proceedings, in all possible jurisdictions, where the documents may be relevant. And we want it clear that if such documents are subpoenaed we will provide them without any requirement of notice to you or giving you an opportunity to intervene. Nor will we agree to seek to seal the information from public view: If it is relevant to an action we are not going to jump through hoops to limit access. We will, however, abide by the federal redaction rules which require redaction of social security numbers and account numbers in public filings **unless relevant**.

We will not withdraw our opposition to the withdrawal of counsel until all documents have been provided.

**From:** Liz Berney [mailto:lizberney@gmail.com]
**Sent:** Monday, July 30, 2012 6:11 PM
**To:** Sheryl E. Reich
**Cc:** Alan Futerfas; Natalie Napierala; brosner; Bettina Schein
**Subject:** Re: In re Application of Gushlak

Dear Sheryl,

It so happens that after our conversation, I was thinking about proposing something along the same lines, with some modifications from your suggestion:

1. The stipulation should state that it is without prejudice to either party's right to seek an agreement or order regarding the confidentiality of other documents or proceedings, or either party's right to oppose such an agreement or order.

2. The stipulation should contain a provision that other documents that the parties mutually agree are confidential shall be covered by the confidentiality order.

3. The use of the confidential documents should be limited to: (a) the Cayman divorce proceeding; (b) this Section 1782 proceeding; (c) a U.S. or

The Law Offices of Alan Futerfas and Rosner & Napierala are also agreeable to your above proposal, with the above modifications that I have proposed. It would be nice to not have to check with numerous other attorneys regarding any issues we may encounter going forward. Substitution of counsel would permit this more streamlined approach.
As I mentioned on the telephone today, I would be happy to discuss the above and any other issues by telephone whenever you wish.
Regards,

Liz

Elizabeth Berney, Esq.
48 Carriage Road
Great Neck, NY 11024
tel: 516 482-4070
cell: 917 687-8233
lizberney@gmail.com

Confidentiality notice: If you are not the intended recipient of this email, please discard it.


On Mon, Jul 30, 2012 at 4:46 PM, Sheryl E. Reich <ser@lefcourtlaw.com> wrote:
In thinking about it, I would consider recommending to Mrs. Gushlak a stipulation that allows us to get the documents showing the sources of the payments to counsel, but the stipulation would be limited to the Futerfas (and other attorneys') banking and billing records and would not apply to any other documents or information. Use of the documents would be limited to use in a court or administrative proceeding, including a deposition or other examination; by counsel and those assisting counsel, including office staff and outside professionals, and

including in preparing a witness for testimony; in compliance with any subpoena or other process; or as directed by the Court.

------

Sheryl E. Reich, Esq.
Gerald B. Lefcourt, P.C.
148 East 78 Street
New York, N.Y. 10075
(212) 737-0400
(212) 988-6192
Reich@Lefcourtlaw.com
www.Lefcourtlaw.com